UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JASON D. NAPIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:11-CV-086 JD |
| v. | ) |
| | ) |
| SHERIFF DAVID LAIN, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Jason D. Napier, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). However, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional

1

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "No action shall be brought until exhaustion has been completed." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (quotation marks omitted). Although exhaustion is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, Napier alleges that he was denied medical treatment for a spider bite he received at the Porter County Jail after he had been convicted. He also states that the Porter County Jail had a grievance system that would have permitted him to file a grievance about those events. "Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed [and] . . . it is essential to keep the courthouse doors closed until those efforts have run their course." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Napier explains that he did not file a grievance because he did not know about the grievance process until shortly before he was transferred to the Indiana Department of Correction. Nevertheless, "ignorance of the proper grievance procedure does not excuse compliance." *McSwain v. Schrubbe*, 382 Fed. Appx. 500, 503 (7th Cir. 2010). Napier does not allege that jail staff hid the grievance process from him – only that he did not know about it. Based on this complaint it would not be reasonable to infer that jail employees tried to conceal the policy from him. However, even if that was their intent, Napier makes clear that they were unsuccessful because he did learn of the policy before he left the jail. Yet, even once he learned of the grievance policy, he made no attempt to utilize it. He might have thought that it was too late to file a grievance at that time, but "[n]o one

2

can know whether administrative requests will be futile; the only way to find out is to try." *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999).

Though it seems unlikely at this late date, because it is unclear whether Napier may yet be able to exhaust his administrative remedies by filing a grievance with the Porter County Jail, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: March 7, 2011

                                                              /s/ JON E. DEGUILIO
                                                              Judge
                                                              United States District Court